UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANONYMOUS OXFORD HEALTH PLAN MEMBER
WITH ID #6023604*01, on behalf of himself and all
others similarly situated,

                          Plaintiff,

             -against-

OXFORD HEALTH PLANS (NY), INC., a New York
Corporation, UNITED HEALTHCARE SERVICES,
INC., a Minnesota Corporation, and UNITED
HEALTHCARE, INC., a Delaware Corporation,

                        Defendants.
-------------------------------------------------------------------X

Civ. Act. No.  08 CV 00943 (PAC)

**DECLARATION OF
MICHAEL H. BERNSTEIN**

DOCUMENT
ELECTRONICALLY FILED

        MICHAEL H. BERNSTEIN, declares under penalty of perjury:

        1.     I am a member of the firm of Sedgwick, Detert, Moran & Arnold LLP, attorneys for defendants Oxford Health Plans (NY), Inc., United Healthcare Services, Inc. and United Healthcare, Inc. in the above action.  As such, I am fully familiar with the facts and circumstances in this matter.

        2.     I submit this Declaration in support of defendants' motion pursuant to FED. R. CIV. PROC. 12(b)(6) to dismiss plaintiff's Class Action Complaint dated January 25, 2008.  Plaintiff commenced this action on January 29, 2008 with the filing of his Summons and Complaint with the Clerk of the Court.  A true and correct copy of the Summons and Class Action Complaint is annexed hereto as Exhibit "A."

        3.     In accord with Your Honor's Individual Rules, defendants timely requested a pre-motion conference seeking leave to file a Motion to Dismiss plaintiff's Class Action Complaint. On March 11, 2008, a pre-motion conference was held with all parties and the Court.  At the

conference, the Court granted defendants' application and set a briefing schedule for the parties'
submission of papers in support and opposition to the motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
correct.

Dated:   New York, New York
         April 14, 2008

s/_____
MICHAEL H. BERNSTEIN (MB-0579)

## <u>CERTIFICATE OF SERVICE</u>

I, MICHAEL H. BERNSTEIN, hereby certify and affirm that a true and correct copy of the attached **DECLARATION OF MICHAEL H. BERNSTEIN** was served via ECF and Regular Mail on this 14th day of April, 2008, upon the following:

> Eric B. Fisher Esq.
> Morgenstern, Fisher & Blue, LLC
> 885 Third Avenue
> New York, New York 10022

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)

Dated:    New York, New York
          April 14, 2008

# EXHIBIT A

JUDGE CROTTY

08 CV 00943

Peter D. Morgenstern, Esq.
Eric B. Fisher, Esq.
MORGENSTERN FISHER & BLUE, LLC
885 Third Avenue
New York, New York 10022
Telephone: 212.750.6776
Facsimile: 646.349.2816
Email: efisher@mfbnyc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANONYMOUS OXFORD HEALTH                    :
PLAN MEMBER WITH ID #6023604*01,           :          Case No._____
on behalf of himself and all others similarly situated,  :
                                           :
                                           :
                    Plaintiff,             :
                                           :
                                           :          **SUMMONS IN A**
                 -against-                  :          **CIVIL CASE**
                                           :
OXFORD HEALTH PLANS (NY), INC., a New York :
Corporation, UNITED HEALTHCARE SERVICES,   :
INC., a Minnesota Corporation, and UNITED  :
HEALTHCARE, INC., a Delaware Corporation,  :
                                           :
                    Defendants.            : ·  :
-----------------------------------------------------------------x

    TO:   Oxford Health Plans (NY), Inc.
          c/o CT Corporation System
          111 Eighth Avenue
          New York, New York 10011

          United Healthcare Services, Inc.
          c/o CT Corporation System
          111 Eighth Avenue
          New York, New York 10011

          United Healthcare, Inc
          c/o CT Corporation System
          111 Eighth Avenue
          New York, New York 10011

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney,
Eric B. Fisher, Esq., Morgenstern Fisher & Blue, LLC, 885 Third Avenue, New York, New York
10022, an answer to the complaint which is herewith served upon you, within 20 days after

service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.


**J. MICHAEL McMAHON**
_____          JAN 2 9 2008
Clerk                                      _____
                                           Date

_____
(By) Deputy Clerk

JUDGE CROTTY.

Peter D. Morgenstern, Esq.
Eric B. Fisher, Esq.
MORGENSTERN FISHER & BLUE, LLC
885 Third Avenue
New York, New York 10022
Telephone: 212.750.6776
Facsimile: 646.349.2816
Email: efisher@mfbnyc.com

08 CV 00943



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
ANONYMOUS OXFORD HEALTH                          :
PLAN MEMBER WITH ID #6023604*01,                 :
on behalf of himself and all others similarly situated,  :
                                                 :
                    Plaintiff,                   :    **CLASS ACTION**
                                                 :    **COMPLAINT**
           -against-                             :
                                                 :    **Jury Trial Demanded**
OXFORD HEALTH PLANS (NY), INC., a New York       :
Corporation, UNITED HEALTHCARE SERVICES,         :
INC., a Minnesota Corporation, and UNITED        :
HEALTHCARE, INC., a Delaware Corporation,        :
                                                 :
                    Defendants.                  :
--------------------------------------------------------------------x

Plaintiff Anonymous Oxford Health Plan Member With ID #6023604*01 (the

"Plaintiff"),[1] on behalf of himself and all others similarly situated, by and through his

attorneys, Morgenstern Fisher & Blue, LLC, as and for their Class Action Complaint

against defendants Oxford Health Plans (NY), Inc. ("Oxford"), United HealthCare

Services, Inc. ("UHSI"), and United HealthCare, Inc. ("United") (collectively, the

"Defendants"), alleges as follows:

---

[1]    The Plaintiff is not identified by name in the Complaint to protect the privacy of the Patient's
(defined below) medical information. As alleged below, the Patient is the Plaintiff's daughter.

## SUMMARY OF THE ACTION

1.      This is a private enforcement action authorized under the Employee Retirement Income Security Act ("ERISA") for wrongful denial of mental health benefits.  Jane Doe (the "Patient") is Plaintiff's child and a covered beneficiary under Plaintiff's health plan issued by Oxford, which includes the Mental Health Rider (described in detail hereafter).  The Patient suffered from mental illness, including life-threatening eating disorders.  The Defendants denied benefits to Patient for medically-necessary, life-saving care at residential treatment facilities specializing in the care and treatment of patients with eating disorders.  The Defendants' denial of benefits is riddled with inconsistencies and fails to apply the clear, unambiguous terms of the Mental Health Rider annexed to Plaintiff's health plan policy, which plainly provides coverage for the care and treatment at issue.

2.      Plaintiff, who is the Patient's father and is responsible for all of the Patient's medical expenses, brings this action on his behalf and on behalf of other similarly-situated beneficiaries of Oxford health plans with the Mental Health Rider, who were wrongfully denied benefits for hospitalization or "equivalent care" for mental illness.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under Section 502 of ERISA, which is codified at 29 U.S.C. § 1132 ("Section 502").

2

4.    Venue is proper in this district pursuant to Section 502(e)(2) because the ERISA plan at issue is administered in this district, the Defendants reside or may be found in this district, and the wrongful denial of benefits occurred in this district.

5.    Venue is also proper under 28 U.S.C. § 1391(b).

### THE PARTIES

6.    The Plaintiff is a resident of the State and County of New York.

7.    The Patient was a resident of New York during the time of the treatments at issue.

8.    Defendant Oxford is a New York corporation that contracts for the provision of health benefits in New York.

9.    Defendant UHSI is a Minnesota corporation that does business in New York, including administering Oxford medical insurance benefits in New York and participating in decision-making concerning medical benefits.

10.    Defendant United is a Delaware corporation that is the parent corporation of Oxford and UHSI. United establishes corporate policies and participates in the underwriting and administration of medical benefits for Oxford and other affiliated subsidiaries offering medical benefits nationwide.

11.    Plaintiff is a covered participant, also referred to as a Subscriber, in a group employee health benefits plan known as the Oxford Freedom Plan (the "Oxford Plan") purchased by his employer from Oxford.

12.    The Patient is a covered beneficiary, also referred to as a Covered Dependent, under the Oxford Plan.

3

## APPROPRIATENESS OF CLASS ACTION

13.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The proposed class (the "Class") consists of all persons covered by the Mental Health Rider issued by Defendants, who were denied benefits for hospitalization or other equivalent inpatient or residential care for mental illness, during the period from January 25, 2002 until the present (the "Class Period"). Excluded from the Class are Defendants, Defendants' officers, directors, heirs and assigns, and any entity in which Defendants hold a controlling interest.

14.    Plaintiff meets the prerequisites to bring this action on behalf of the Class.

15.    Numerosity.  Although the precise number of Class members is unknown to Plaintiff at this time and may only be ascertained through discovery from Defendants, who exclusively control this information, Plaintiff believes that the Class likely consists of hundreds of individuals, and thus joinder of all Class members is impracticable.  Class members may be identified by reference to Defendants' records and notified of this action by mail.

16.    Commonality.  There are questions of law and fact common to the Class such as: (a) whether Defendants engaged in a common practice of wrongfully denying benefits for hospitalization or equivalent inpatient or residential treatment for mental illness in clear violation of the terms of the Mental Health Rider issued by Defendants; and (b) whether the Mental Health Rider issued by Defendants provides benefits for out-of-network hospitalization or equivalent inpatient or residential treatment for mental illness.

4

17.     <u>Typicality.</u>  Plaintiff's claim is typical of the Class as all members of the Class are similarly affected by Defendants' wrongful denial of benefits for hospitalization or equivalent inpatient or residential treatment for mental illness in flagrant violation of the Mental Health Rider.

18.     <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no interests that are in conflict with the interests of the Class, and has retained competent counsel skilled and experienced in class actions and other complex litigation.

19.     Class certification is warranted under Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual members of the Class which would as a practical matter substantially impair or impede the ability of those individual members to protect their interests.

20.     Class certification is further warranted under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

21.     Class certification is further warranted under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other methods for the adjudication of this controversy.

## FACTUAL ALLEGATIONS

### The Mental Health Rider

22.     The Patient suffered from mental illness, including severe eating disorders, the care and treatment of which have required medically-necessary, life-saving hospitalizations and equivalent inpatient and residential treatment.

23.     The Oxford Plan under which Patient is a covered beneficiary includes the Mental Health Rider. (A copy of the Mental Health Rider is attached hereto as Exhibit A.)

24.     Upon information and belief the Mental Health Rider is a standard rider issued by Defendants in exchange for an increased premium payment.

25.     The standard form health benefits plan issued by Defendants contains an exclusion regarding certain mental health services. The purpose of the Mental Health Rider is to remove this exclusion, as set forth in Section IV(b) of the Mental Health Rider ("The exclusion regarding mental health services is removed from the Certificate.").

26.     The Oxford Plan contains two certificates describing the benefits provided under the plan. The first certificate concerns in-network benefits and the second certificate concerns out-of-network benefits.

27.     The Mental Health Rider referred to herein is a rider to the certificate that governs the scope of out-of-network benefits. Thus, it removes the blanket exclusion for out-of-network mental health services and replaces that exclusion with the mental health coverage specified below.

28.     In relevant part, the Mental Health Rider states as follows:

> We Cover Inpatient and **Equivalent Care** for the treatment of mental or nervous disorders. We define "Inpatient Care" to mean

6

> treatment provided in a hospital as defined below. ***"Equivalent Care" is provided in a setting, other than such hospital, that We and the Provider deem to be safe and medically appropriate…***Inpatient and Equivalent Care mental health services are Covered only when obtained from facilities licensed by the appropriate state regulatory authority as well as any other Provider We deem appropriate to provide the Medically Necessary level of care.

Mental Health Rider (I)(1)(a) (emphasis added).

29.    According to the Mental Health Rider, "[a]ll covered Services under this Rider are subject to UCR, Deductible and the Coinsurance shown in your Summary of Benefits." The acronym UCR refers to the "usual, customary and reasonable" rates for services and procedures. UCR is the reimbursement rate that applies to providers that are ***outside*** of the Oxford network.

30.    The fact that the Mental Health Rider modifies the out-of-network coverage certificate, together with the definition of Equivalent Care in the Mental Health Rider and the reference to UCR, make plain that the Mental Health Rider extends benefits to out-of-network facilities providing inpatient and residential care for mental illness.

31.    Indeed, when Defendants wished to restrict benefits to in-network providers, Defendants consistently used very specific wording to that effect. For example, a different form of mental health rider also used by Defendants provides coverage for inpatient mental health services "only when obtained from Our Network Providers which are hospitals as defined by subdivision ten of section 1.03 of the mental hygiene law…" There is no such language limiting coverage to in-network providers contained in the Mental Health Rider that is the subject of this Complaint. Thus, out-of-network mental health benefits are provided.

7

32.    Further, the definition of Equivalent Care in the Mental Health Rider indicates clearly that inpatient and residential treatments for mental illness are covered, including when such treatments are administered in a treatment facility that is not a hospital.

### The Denial of Benefits

33.    For a period of time during July and August 2006, the Patient received medically-necessary inpatient treatment for her mental illness at the Klarman Center at McLean Hospital in Massachusetts.  McLean Hospital is a provider that is outside of the Oxford network.

34.    The Klarman Center at McLean Hospital is a residential treatment center intended for individuals whose symptoms are so severe that they cannot function at a less restrictive level of care.

35.    Before, during and after the Patient's treatment at McLean Hospital, the Plaintiff, on behalf of the Patient, sought to secure benefits under the Mental Health Rider for the Patient's course of treatment.

36.    The Plaintiff's application for benefits was denied by letter dated July 7, 2006. According to that letter, the basis for the denial was that *"Resident[ia]al mental health is not a covered benefit."* (emphasis added).

37.    Internal decision logs provided by Defendants corroborate that the supposed basis for the denial was that "residential mental health" services were not a covered benefit.  For example, relevant log entries state as follows:

a.    July 7, 2006: "Residential mental health service is not a covered benefit."

8

    b.   July 7, 2006: "md from McLean called regarding benefits…Dr Steven

        Tsao---Was advised that member with NY policy had no residential

        coverage."

    c.   July 11, 2006: "father called was advised that both the facility and the md

        had noted that this was residential level of care."

    d.   July 7, 2006 authorization report from Defendants' "Medical Director"

        Satwant Ahluwalia states: "residential mental health is not covered

        benefit…see plan description."

38.    This supposed ground for the denial of benefits altogether ignores the

Mental Health Rider, which plainly provides coverage for inpatient **and** residential

treatment – whether at a hospital or at an equivalent facility.

39.    Significantly, and misleadingly, the Summary of Benefits provided to the

Plaintiff with the handbook describing the Oxford Plan states that out-of-network

inpatient mental health treatments are not covered. This summary description does not

accurately reflect the coverage provided by the Mental Health Rider.

40.    The Plaintiff appealed from this initial denial of benefits (the "Appeal").

41.    On September 21, 2006, Defendants denied the Appeal. This time,

however, the supposed ground for denial was entirely different.

42.    According to the Medical Director who decided the appeal: "because per

the members NY certificate and members benefits package ***inpatient mental health

coverage is only available from in-network providers.*** McLean Hospital is a non-

participating facility therefore services at McLean Hospital are denied as not a covered

benefit." (grammatical errors in original) (emphasis added).

43.    This supposed ground for the denial of benefits is completely different from the earlier denial, which asserted wrongly that *residential* care was not covered.

44.    In addition to being inconsistent with the earlier ground for denial, this newly-manufactured ground for denial was equally inconsistent with the Mental Health Rider, which clearly provides coverage for out-of-network care.

45.    The Plaintiff then pursued a second-level appeal from the September 21, 2006 denial of benefits.

46.    On February 13, 2007, this second-level appeal was denied as well.

47.    According to Defendants' February 13, 2007 denial, authorization for residential treatment at the Klarman Center at McLean Hospital was denied because "out-of-network benefits are not covered under your Certificate of Coverage for Residential Mental Health."

48.    As already set forth above, this denial does not comport with the express terms of the Mental Health Rider, which clearly provides coverage for out-of-network mental health benefits. Further, it is inconsistent with the first purported basis for denying coverage articulated by Defendants in July 2006.

49.    A couple of years before her extended treatment at McLean Hospital, during May and June of 2004, the Patient was also medically required to be treated for her eating disorder illness at a residential mental health facility known as The Renfrew Center in Philadelphia, Pennsylvania.

50.    As with the McLean Hospital, Plaintiff timely submitted claims for coverage of the fees for the Renfrew Center.

10

51.    Those claims were wrongly denied by Oxford on the erroneous ground that residential treatment for mental health services was not covered under the Policy.

52.    Plaintiff requested from Oxford a referral to an in-network facility that provides the course of treatment for severe eating disorders offered by the Renfrew Center. None was proffered. The fact that there was no suitable in-network facility was acknowledged by representatives of Defendants in communications with Plaintiff. Despite Plaintiff's efforts, Defendants refused to enter into an *ad hoc* agreement with the Renfrew Center, as is customary in such situations.

53.    As with the McLean Hospital denial, the Renfrew Center denial was flatly inconsistent with the terms of the Mental Health Rider.

54.    Plaintiff has exhausted all available administrative remedies.

55.    Upon information and belief, the "Summary of Benefits" information supplied by Defendants to plan beneficiaries who are members of the proposed Class routinely failed to inform beneficiaries of the true scope of benefits provided under the Mental Health Rider.

56.    Upon information and belief, it was Defendants' uniform practice to wrongfully deny coverage for out-of-network inpatient mental health treatment to beneficiaries covered by the Mental Health Rider. In doing so, Defendants acted in utter disregard of the Mental Health Rider and failed to provide benefits that they were obligated to provide.

## COUNT ONE

## VIOLATION OF ERISA § 502(a)(1)(B)

57.    Plaintiff hereby realleges and reincorporates the allegations set forth in paragraphs 1 through 56 above.

58.    Section 502(a)(1)(B) provides that a beneficiary may bring a civil action to recover benefits due under the plan, to enforce rights under the plan and to clarify rights to future benefits under the plan.

59.    Defendants breached their obligations under ERISA by wrongfully denying Plaintiff's claim for benefits to which he was entitled under the Mental Health Rider.

60.    Defendants' denial of benefits in flagrant disregard of the Mental Health Rider was arbitrary and capricious.

61.    Defendants' wrongful conduct and violations of ERISA have damaged Plaintiff in an amount in excess of $100,000 to be determined at trial.

62.    Upon information and belief, members of the Proposed Class have similarly been denied claims as a result of Defendants' practice of denying benefits for inpatient out-of-network treatments for mental illness, notwithstanding the terms of the Mental Health Rider.

63.    Accordingly, members of the proposed Class have been damaged as a result of Defendants' practice of wrongfully denying claims for inpatient out-of-network treatments for mental illness.

## JURY TRIAL DEMANDED

64.    Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court enter judgment against Defendants as follows:

(a)    awarding Plaintiff, and all others similarly situated, damages suffered as a result of Defendants' wrongful conduct herein;

(b)    declaring the scope of coverage provided under the Mental Health Rider for inpatient mental health treatment or equivalent care, and declaring the scope of out-of-network mental health benefits;

(c)    enjoining Defendants from future denials of claims that are properly covered under the Mental Health Rider;

(d)    requiring Defendants to ensure that the Summary of Benefits provided to subscribers accurately reflects the mental health coverage provided under the medical benefits plan, and otherwise requiring Defendants to clearly and accurately disclose the scope of mental health benefits provided under the plan;

(e)    awarding attorneys' fees in accordance with Section 502(g) of ERISA; and

(f)    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 25, 2008

                              Respectfully submitted,

                              MORGENSTERN FISHER & BLUE, LLC

                              _____
                              Peter D. Morgenstern
                              Eric B. Fisher
                              885 Third Avenue
                              New York, New York 10022
                              Telephone: 212.750.6776
                              Facsimile: 646.349.2816

13

# Exhibit A

 Oxford Health Plans

## Oxford Health Insurance, Inc.

### Mental Health and Substance Abuse Rider

Your supplemental Certificate of Coverage & Member Handbook ("Certificate") is revised as follows:

**I.   Coverage**

**1.   Mental Health Services**

**a.   Inpatient**

We Cover Inpatient and Equivalent Care for the treatment of mental or nervous disorders. We define "Inpatient Care" to mean treatment provided in a hospital as defined below. "Equivalent Care" is provided in a setting, other than such hospital, that We and the Provider deem to be safe and medically appropriate.

We reserve the right to provide this benefit in the modality We determine to be both medically appropriate and the most cost effective.

Inpatient and Equivalent Care mental health services are Covered only when obtained from facilities licensed by the appropriate state regulatory authority as well as any other Provider We deem appropriate to provide the Medically Necessary level of care. Alcoholism and substance abuse related rehabilitation are not considered mental health services under this provision.

For Inpatient and Equivalent care, We cover up to the amount of days shown in your Summary of Benefits.

**b.   Outpatient**

We cover outpatient visits for the treatment of mental or nervous disorders. A "visit" for the purposes of this provision is 45 to 60 minutes of therapy.

Outpatient mental health services are Covered only when obtained from duly licensed: psychiatrists or practicing psychologists; or by certified social workers or mental hygiene facilities. Alcoholism and substance abuse related rehabilitation are not considered mental health services under this provision.

We Cover up to the amount of visits shown in your Summary of Benefits.

**Alcoholism and Substance Abuse**

**a. Detoxification**

Inpatient detoxification is Covered up to the amount of days and admissions shown in your Summary of Benefits.

**b. Inpatient Services**

Treatment in a Plan Specialized Rehabilitation Facility will be Covered, in accordance with an individual treatment plan prepared by your Provider. Coverage is limited to the amount of days shown in your Summary of Benefits.

**II.   Precertification**

All treatment received under this Rider must be precertified and described in Section I. Of your Certificate.

**III.   Coinsurance and Benefit Limitations**

All covered Services under this Rider are subject to UCR, Deductible and the Coinsurance shown in your Summary of Benefits.

**IV.   Miscellaneous Provisions**

All benefits are on a per Member, per calendar year basis.

The "Exclusions and Limitations," section of your Certificate is amended as follows:

a.   The exclusion regarding inpatient alcohol and substance abuse treatment and detoxification is removed from the Certificate.

b.   The exclusion regarding mental health services is removed from the Certificate.

This Rider supersedes any amendment or rider providing coverage for Mental Health and Substance Abuse previously issued by Us. In the event of a conflict between the provisions of this Rider and the Certificate, the provisions of this Rider will prevail. All other terms and conditions of the Certificate remain in full force and effect.

Nothing contained in this Rider will be held to vary, alter, waive, or extend any of the terms, conditions, provisions or limitations of the Agreement to which this Rider is attached, other than as specifically stated herein.