UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANONYMOUS OXFORD HEALTH PLAN MEMBER
WITH ID #6023604*01, on behalf of himself and all
others similarly situated,

Civ. Act. No.  08 CV 00943 (PAC)

**ORAL ARGUMENT REQUESTED**

                         Plaintiff,

            -against-

DOCUMENT
ELECTRONICALLY FILED

OXFORD HEALTH PLANS (NY), INC., a New York
Corporation, UNITED HEALTHCARE SERVICES,
INC., a Minnesota Corporation, and UNITED
HEALTHCARE, INC., a Delaware Corporation,

                         Defendants.
-------------------------------------------------------------------X


# DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS
### PLAINTIFF'S CLASS ACTION COMPLAINT


SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925

*Attorneys for Defendants*
OXFORD HEALTH PLANS (NY), INC., UNITED
HEALTHCARE SERVICES, INC. and UNITED
HEALTHCARE, INC.


Of Counsel
  Michael H. Bernstein, Esq.
  John T. Seybert, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................ 1

PLAINTIFF'S COMPLAINT.............................................................................................. 3

PERTINENT PLAN TERMS .............................................................................................. 4

    A.    2006 Certificate......................................................................................... 5

        1.    The Mental Health And Substance Abuse Rider ............................... 6

        2.    The Summary Of Benefits ................................................................. 6

        3.    The Residential Facility Exclusion ................................................... 7

    B.    2003 Certificate......................................................................................... 7

    C.    Claims Related To Other Certificates Issued To Plaintiff
        Between January 25, 2002 Through Present.......................................... 8

ARGUMENT ...................................................................................................................... 10

    POINT I:
    PLAINTIFF'S CLAIMS WERE PROPERLY DENIED BY OXFORD .............................. 10

        A.    The Plan Does Not Provide In-Patient,  Out-of-Network, Mental
            Health Coverage....................................................................................... 10

        B.    The Plan Does Not Provide Coverage For Treatment Received
            At A Residential Facility ........................................................................ 14

    POINT II:
    PLAINTIFF'S CLAIMS BASED UPON ALLEGED PROCEDURAL
    IRREGULARITIES ARE WITHOUT MERIT.................................................................. 16

    POINT III:
    PLAINTIFF'S CLASS ACTION COMPLAINT MUST BE DISMISSED
    IN ITS ENTIRETY .............................................................................................. 17

    POINT IV:
    PLAINTIFF'S CLAIMS AGAINST UHSI AND UHI MUST BE DISMISSED ................. 18

CONCLUSION.................................................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*2 Broadway LLC* v. *Credit Suisse First Boston Mortgage Capital LLC*,
    00 Civ. 5773(GEL), 2001 WL 410074, *7 (S.D.N.Y. Apr. 23, 2001) .............................13

*Albert Fadam Trust* v. *Citigroup, Inc.*,
    165 Fed. Appx. 928 (2d Cir. 2006)................................................................................18

*Bergquist* v. *Aetna U.S. Healthcare*,
    289 F. Supp. 2d 400 (S.D.N.Y. 2003)............................................................................20

*Brass* v. *American Film Techs., Inc.*,
    987 F.2d 142 (2d Cir. 1993)..........................................................................................11

*Burger King Corp.* v. *Horn & Hardart Co.*,
    893 F.2d 525 (2d Cir. 1990)..........................................................................................13

*Cantor* v. *American Banknote Corp.*,
    No. 06 Civ. 1392 (PAC), 2007 WL 3084966 (S.D.N.Y. Oct. 22, 2007)..........................10

*Chapman* v. *ChoiceCare Long  Island Term Disability Plan*,
    288 F.3d 506 (2d Cir. 2002)....................................................................................18, 19

*Crocco* v. *Xerox Corp.*,
    137 F.3d 105 (2d Cir. 1998)....................................................................................19, 20

*Del Greco* v. *CVS Corp.*,
    354 F. Supp. 2d 381 (S.D.N.Y. 2005).............................................................................19

*Egan* v. *Marsh & McLennan Cos., Inc.*,
    07 Civ. 7134( 2008 WL 245511 (S.D.N.Y. Jan. 30, 2008) ...............................................13

*Feifer* v. *Prudential Ins. Co.*,
    306 F.3d 1202 (2d Cir. 2002)........................................................................................11

*Francis* v. *INA Life Ins. Co. of N.Y.*,
    809 F.2d 183 (2d Cir. 1987)..........................................................................................12

*Gray v. Briggs*,
    No. 97-CIV-6252 (DLC), 1998 WL 386177 (S.D.N.Y. July 7, 1998) ...............................20

# TABLE OF AUTHORITIES

**Page(s)**

*Harless* v. *Research Inst. of Am.*,
    1 F. Supp. 2d 235 (S.D.N.Y. 1998)................................................................20

*Hertz Corp.* v. *City of New York*,
    1 F.3d 121 (2d Cir. 1994) .............................................................................10

*Krauss* v. *Oxford Health Plans, Inc.*,
    517 F.3d 614 (2d Cir. 2008)..........................................................................17

*Leonelli* v. *Pennwalt Corp.*,
    887 F.2d 1195 (2d Cir. 1989)........................................................................18

*Mason* v. *American Tobacco Co.*,
    346 F.3d 36 (2d Cir. 2003)............................................................................17

*Matusovsky* v. *Merrill Lynch*,
    186 F.  Supp. 2d 397 (S.D.N.Y. 2002).....................................................13, 14

*Metropolitan Life Ins. Co.* v. *RJR Nabisco, inc.*,
    906 F.2d 884 (2d Cir. 1990)..........................................................................13

*Nechis* v. *Oxford Health Plans, Inc.*,
    328 F. Supp. 2d 469 (S.D.N.Y. 2004) *aff'd* 421 F.3d 96 (2d Cir. 2005) ..........................19

*O'Neil* v. *Retirement Plan Salaried Employees of RKO General, Inc.*,
    37 F.3d 55 (2d Cir. 1994) .............................................................................13

*Peterson* v. *Continental Casualty Co.*,
    77 F. Supp. 2d 420 (S.D.N.Y. 1999), *aff'd in part, vacated in part*,
    282 F.3d 112 (2d Cir. 2002)........................................................................4, 20

*Pineiro* v. *Pension Benefit Guar. Corp.*,
    No. 1996 Civ.-7392, 1997 WL 739581 (S.D.N.Y. Nov. 26, 1997)...................................20

*Ronzani* v. *Sanofi S.A.*,
    899 F.2d 195 (2d Cir. 1990)..........................................................................10

*Shaw Group Inc.* v. *Tripplefine Int'l Corp.*,
    322 F.3d 115 (2d Cir. 2003)..........................................................................13

*Steger* v. *Delta Airlines, Inc.*,
    382 F. Supp. 2d 382 (E.D.N.Y. 2005) .......................................................10, 19

iii

## TABLE OF AUTHORITIES

**Page(s)**

*Terwilliger* v. *Terwilliger*,
    206 F.3d 240 (2d Cir. 2000)...................................................................................12

*Weiss* v. *Cigna Healthcare, Inc.*,
    972 F. Supp. 748 (S.D.N.Y. 1997)........................................................................20

## STATE CASE

*American Express Bank Ltd.* v. *Uniroyal, Inc.*,
    164 A.D. 2d 275, 562 N.Y.S. 2d 613 (1st Dep't 1990)......................................13

## FEDERAL STATUTES

ERISA §3(1), 29 U.S.C. §1002(1).............................................................................19

ERISA §3(16)(A), 29 U.S.C. §1002(16)(A) (2007)...................................................19

ERISA §3(16)(B)(i); 29 U.S.C. §1002(16)(B)(i) (2007) ...........................................19

ERISA §402(a)(1), 29 U.S.C. §1102(a)(1) (2007) .....................................................11

ERISA §502(a)(1)(B); 29 U.S.C. §1132(a)(1)(B) ......................................1, 3, 17, 19

ERISA §502(d)(1), 29 U.S.C. §1132(d)(1) (2007)....................................................18

ERISA §502(d)(2); 29 U.S.C. §1132(d)(2) (2007) ...................................................18

FED. R. CIV. PROC. 12(b)(6) ......................................................................1, 10, 20

## STATE STATUTES

N.Y. C.P.L.R. 213(1) (2007) ......................................................................................9

N.Y. INS. LAW §3221(l)(5)(A)(i) (2007) ...................................................................9

NY/522296v2

## PRELIMINARY STATEMENT

Defendants Oxford Health Plans (NY), Inc. ("Oxford"), United HealthCare Services, Inc. ("UHSI") and United HealthCare, Inc. ("UHI") submit this memorandum of law in support of their motion pursuant to Rule 12(b)(6), FED. R. CIV. PROC., for an order dismissing plaintiff's Class Action Complaint (the "Complaint") for failure to state a cause of action.[1]

This is essentially an action in which plaintiff is seeking to enforce his alleged rights to benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). Specifically, plaintiff, on behalf of his daughter, and all "similarly situated class members," alleges that defendants wrongfully denied claims for health benefits under his employer's ERISA regulated health insurance plan and that two classes of claimants exist as a consequence of defendants' allegedly wrongful behavior. These are plan members: (1) who Oxford allegedly failed to inform of "the true scope" of mental health services benefits provided; and (2) who are claimed to have been wrongfully denied coverage for inpatient, out-of-network, mental health services. (Complaint, ¶¶55-56).

It is respectfully submitted that plaintiff's Complaint fails to state a cause of action for which relief can be granted because Oxford properly denied the claims in issue according to the terms of the governing ERISA plan. Specifically, the employee benefit plan, established by plaintiff's employer, Entwistle & Cappucci, LLP (hereinafter, the "Plan"), does *not* provide coverage for the services in issue. Plaintiff claims that the Plan provides coverage for his daughter's two admissions to out-of-network, inpatient residential facilities in 2006 and 2004. But the Plan only provides coverage for *in-network*, inpatient, mental health services, and for both in-network and out-of-network outpatient mental health services. The Plan explicitly states

---

[1] Although styled as a class action Complaint, the unnamed lead plaintiff's individual circumstances form the purported factual basis for the Complaint. A copy of the Complaint is annexed as Exhibit "A" to the Declaration of Michael H. Bernstein dated April 14, 2008 ("Bernstein Dec.").

that inpatient, out-of-network, mental health services are "Not Covered" or "COVERED IN-NETWORK ONLY."  Plaintiff argues that these unequivocal statements in the Plan's Summary of Benefits are "inconsistent" with the Plan's Mental Health Rider.  Essentially, plaintiff claims that the Mental Health Rider neutralizes the Summary of Benefits, providing the basis for coverage for all inpatient mental health services regardless of whether the facility providing the care is in-network or out-of-network.  (Complaint, ¶¶27-28).  The Mental Health Rider upon which plaintiff relies, however, does not provide details concerning the amount of benefits available for the services in question.  Instead, the Rider references the Summary of Benefits for detailed information concerning the scope of coverage.  The Plan documents—specifically the Summary of Benefits—unambiguously state that out-of-network, inpatient services, such as those claimed by plaintiff, are not covered.  Thus, plaintiff's claims must be dismissed because the very documentation upon which he relies clearly supports Oxford's decision to deny his claims.

The Plan also contains an express exclusion for treatment received at a "residential facility."  Plaintiff alleges that the services at issue were rendered at "residential facilities," and that the Plan's Mental Health Rider somehow amends the Plan's residential facility exclusion to provide coverage for mental health services received at such facilities.  Manifestly, however, the Mental Health Rider does not amend the residential facility exclusion.  Indeed, the Mental Health Rider does not even reference this exclusion and expressly provides that it does not "vary, alter, waive, or extend any of the terms, conditions, provisions or limitations [of the Plan], other than as specifically stated herein."  Accordingly, the Mental Health Rider does not amend or nullify the Plan's exclusion for treatment received in a "residential facility," and thus, Oxford properly denied plaintiff's claims for this reason as well.

2

Plaintiff also alleges that Oxford took inconsistent positions during the appeal process concerning his claims.  Even if this allegation were true (it is not) these purportedly inconsistent positions do not provide any basis for plaintiff to receive benefits for services not covered by the Plan.  Thus, as a matter of law plaintiff's allegations fail to state a cause of action and should be dismissed.

Lastly, and to the extent the Court may permit plaintiff's claims to stand, it is respectfully submitted that the action may only be maintained against Oxford, which insured the Plan, and not UHSI and UHI.  Neither UHSI or UHI are proper defendants because they are not the Plan, insurers of the Plan, or the Plan administrators.  Accordingly, plaintiff's claims against UHSI and UHI should all be dismissed regardless of how the Court rules on the rest of defendants' motion.

## PLAINTIFF'S COMPLAINT

Plaintiff is a participant in the Entwistle & Cappucci, LLP Group Health Benefit Plan and is the parent of a daughter with an eating disorder. (Complaint, ¶¶1, 23).  Plaintiff alleges that in 2006 his daughter obtained inpatient treatment at the Klarman Center at McLean Hospital in Massachusetts.  (Complaint, ¶33).  Plaintiff concedes that according to the Plan, the Klarman Center is an out-of-network residential treatment facility.  (Complaint, ¶¶33-34).

Plaintiff also alleges that in May and June of 2004, his daughter received inpatient mental health treatment at the Renfrew Center in Philadelphia, Pennsylvania.  (Complaint, ¶49).  Plaintiff concedes that under the Plan, the Renfrew Center is also an out-of-network "residential mental health facility."  (*Id.*).

In this action, plaintiff seeks review of Oxford's decisions denying his claims for benefits for the mental health services provided at the Klarman Center and the Renfrew Center under ERISA §502(a)(1)(B).  (Complaint, ¶¶33, 49).  Basically, plaintiff alleges that Oxford improperly denied benefits for the out-of-network, inpatient mental health care treatment his

daughter received at these two facilities.  (Complaint, ¶¶1, 59).  Plaintiff also expands his claims against defendants in this "class action complaint" by alleging that Oxford's purportedly wrongful denials in his particular circumstances, form the basis for a class action.  (Complaint, ¶16).

## PERTINENT PLAN TERMS[2]

In September 1998, Entwistle & Cappucci, LLP (the "Group") entered into a Group Enrollment Agreement with Oxford, which was renewed effective September 1, 2000 (the "2000 GEA"), to provide health insurance coverage for the Plan enrollees.  (Declaration of Rodney Lippold dated April 14, 2008, Ex. "B" (the "Lippold Dec.").  In accord with the 2000 GEA, Oxford issued a Certificate of Coverage (the "Certificate") to plaintiff, setting forth the coverage available under the Plan.  Each year, from September 1, 1998 to January 31, 2006 plaintiff received a new Certificate.  (*Id.*, Exs. "D," and "F" through "H").[3]  Effective February 1, 2006, the Group again contracted with Oxford to provide coverage by entering into a new Group Enrollment Agreement (the " 2006 GEA").  (*Id.*, Ex. "J"). The 2000 GEA, 2003 GEA and 2006 GEA provide in material part as follows:

> **In consideration** of the Premiums, [Oxford] and Group agree that [Oxford] will arrange and pay for Covered medical and hospital services in accordance with the terms and provisions of the Agreement.

(*Id.*, Ex. "B," at 1; Ex. "E," at 1; Ex. "J," at 1) (bold in original).  The definition of the "Agreement" in the three GEAs mirrors the definition of this term contained in the Certificates issued to plaintiff each year.[4]  Significantly, the "Agreement" does *not* provide coverage for

---

[2] Although this is a motion to dismiss pursuant to Rule 12(b)(6), FED. R. CIV. PROC., the Court can consider the documents that are referenced in plaintiff's Complaint and form the basis for his action.  *See* POINT I, *infra.*

[3] The Group renewed its Group Enrollment Agreement again with Oxford effective September 1, 2003.  (Lippold Dec., Ex. "E").

[4] (*Compare* Lippold Dec., Ex. "B," at 1; Ex. "E," at 1; Ex. "J," at 1 *with* Ex. "D," at 2002 CERT 080; Ex. "F," at 2003 CERT 092; Ex. "G," at 2004 CERT 077; Ex. "H," at 2005 CERT 078; Ex. "L," at 2006 CERT 049; Ex. "M," at 2007 CERT 050).

inpatient, out-of-network, mental health services.[5]  All documents constituting the "Agreement"

refer to the Summary of Benefits, issued to plaintiff each year with the Certificate, for details

concerning the availability and scope of benefits provided under the Plan.  The Summary of

Benefits provided with each of the 2002 through 2006 Certificates issued to plaintiff

unambiguously states that there is "No Coverage" for out-of-network, inpatient mental

healthcare services.

Importantly each Certificate issued to plaintiff contains an integration clause, identifying

and incorporating by reference all documents that make up the agreement between the Group and

Oxford.  This clause states:

**Section XIV**.

General Provisions

1.  Entire Agreement.  This Certificate, Summary of Benefits, any Certificate
riders issued by Us and accepted by the Group, the Group Enrollment Agreement,
and the individual applications of you and your Covered Dependents, if any,
constitute the entire contract between the parties.[6]

This provision demonstrates that each of the Plan documents includes important information

about the scope of the Plan's coverage, and all must be read together as a unified document in

order to understand the nature and extent of the coverage provided by the Plan.

**A.**     **2006 Certificate**

At the time plaintiff's daughter allegedly received inpatient mental healthcare services at

the Klarman Center, the 2006 Certificate was in effect.  (Lippold Dec., ¶2(L)).  The 2006

Certificate contains the following exclusion:

---

[5] Only the 2007 Certificate provides coverage for inpatient, out-of-network, mental healthcare services, but plaintiff
has not alleged that any claim was wrongfully denied by Oxford during the time the 2007 Certificate was in effect.
[6] *Supra* note 4.

19.  Unless added to this Certificate as described under "Supplemental Coverage,"[7] Mental Health Services are not Covered.

(*Id.*, Ex. "L," at 2006 CERT 034).

### 1.    The Mental Health And Substance Abuse Rider

The 2006 Certificate contains two distinct Mental Health And Substance Abuse Riders, which amend Exclusion 19 by providing coverage for in-network and an out-of-network services as described in the Rider and the Summary of Benefits.  (Lippold Dec., Ex. "L," 2006 CERT 062-63).  The first Mental Health and Substance Abuse Rider describes coverage for in-network services only. (*Id.* at 2006 CERT 063).  The second Mental Health and Substance Abuse Rider describes coverage for out-of-network coverage only.  (*Id.* at 2006 CERT 062).  Unlike the Rider for in-network services, which provides coverage for in-network inpatient and outpatient mental health services, the Rider for out-of-network services does *not even mention* coverage for inpatient, out-of-network services.  (*Id.*).  Further, all of the services described in both the in-network and out-of-network Mental Health and Substance Abuse Riders are specifically limited to the benefits listed on the Summary of Benefits, stating "We Cover up to the amount of visits shown in your Summary of Benefits."  (*Id.*)

### 2.    The Summary Of Benefits

The Summary of Benefits provided to plaintiff along with the Certificate does *not* provide coverage for inpatient, out-of-network, mental health services.  In fact, the Summary of Benefits states there is "No Coverage" for such services.[8]  (Lippold Dec., Ex. "L," at 2006 CERT 008).

---

[7] "Supplemental Coverage" refers to Section XI, 1, stating in part "Riders that are part of your Plan will be issued with your Certificate."  (Lippold Dec., Ex. "L," at 2006 CERT 045).
[8] According to the Summary of Benefits, the Plan does provide coverage for *in-network*, inpatient mental healthcare services at "no charge."  (Lippold Dec., Ex. "L," at 2006 CERT 008).

6

### 3.    <u>The Residential Facility Exclusion</u>

The 2006 Certificate also contains the following exclusion:

24.  *Non-medical services* and long-term rehabilitation services for physical therapy or the treatment of alcoholism or drug abuse, including rehabilitation services in a specialized inpatient or *residential facility*, except as specifically Covered under this Certificate.

(Lippold Dec., Ex. "L," at 2006 CERT 034) (emphasis supplied) (the "Residential Facility

Exclusion").  The Mental Health and Substance Abuse Rider does not amend this exclusion for

treatment rendered at a "residential facility."  It only amends the following section, stating:

The "Exclusions and Limitations," section of your Certificate is amended as follows:

a)  The exclusion regarding inpatient and substance abuse treatment and detoxification is removed from the Certificate.

b)      The exclusion regarding mental health services is removed from the Certificate.

(Lippold Dec., Ex. "L," at 2006 CERT 062).

The Rider also provides that:

Nothing contained in this Rider will be held to vary, alter, waive, or extend any of the terms, conditions, provisions or limitations of the Agreement to which this Rider is attached, other than as specifically stated herein.

(*Id.*).

### B.    <u>2003 Certificate</u>

The 2003 Certificate, which was in effect when plaintiff's daughter received treatment at

the Renfrew Center in 2004, similarly excludes coverage for inpatient, out-of-network, mental

health services and for any treatment received at a residential facility, providing:

21.  Mental Health Services.  Please check your Summary of Benefits to see if your coverage of these services has been added through a rider.

25.  Non-medical services and long-term rehabilitation services for physical therapy or the treatment of alcoholism or drug abuse, including rehabilitation

services in a specialized inpatient or *residential facility*, except as specifically Covered under this Certificate.

(Lippold Dec., Ex. "F," at 2003 CERT 087) (emphasis supplied).

The Mental Health and Substance Abuse Rider to the 2003 Certificate also provides materially the same description of mental health coverage as the 2006 Certificate, referring to the Summary of Benefits to define the scope of coverage. Specifically, the 2003 Certificate states:

**I. Coverage**

1. Mental Health Services

a. Inpatient

We Cover Inpatient and Equivalent Care for the treatment of mental or nervous disorders. We define "Inpatient Care" to mean treatment provided in a hospital as defined below. "Equivalent Care" is provided in a setting, other than such hospital, that We and the Provider deem to be safe and medically appropriate.

We reserve the right to provide this benefit in the modality We determine to be both medically appropriate and the most cost effective.

Inpatient and Equivalent Care mental health services are Covered only when obtained from facilities licensed by the appropriate state regulatory authority as well as any other Provider We deem appropriate to provide the Medically Necessary level of care. Alcoholism and substance abuse related rehabilitation are not considered mental health services under this provision.

*For Inpatient and Equivalent care, We cover up to the amount of days shown in your Summary of Benefits.*

(Lippold Dec., Ex. "F," at 2003 CERT 097) (emphasis supplied).

The Summary of Benefits annexed to the 2003 Certificate boldly states that inpatient, out-of-network, mental health services are "COVERED IN-NETWORK ONLY." (Lippold Dec., Ex. "F," at 2003 CERT 010).

**C.     Claims Related To Other Certificates Issued To
        Plaintiff Between January 25, 2002 Through Present**

Plaintiff has not alleged any specific claims for benefits other than the two mentioned in his Complaint. Plaintiff also alleges, however, that all of the Certificates issued to him between

8

January 25, 2002[9] through the present misrepresent the scope of coverage for inpatient, out-of-network, mental health services. (Complaint, ¶13). A review of these other Certificates demonstrates that plaintiff's allegation is without merit because they all exclude coverage for such services in similar fashion to the 2006 and 2003 Certificates discussed above, with the exception of the 2007 Certificate.[10]

The 2007 Certificate is the first one to provide coverage for out-of-network, inpatient, mental healthcare services for eligible Plan members and their beneficiaries. This revision of the scope of coverage under the Plan occurred as a result of the New York State Legislature's enactment of "Timothy's Law," which requires all group health insurance polices issued after January 1, 2007 for employers of 50 or more to provide at least thirty days of inpatient mental health coverage. *See* N.Y. INS. LAW §3221(l)(5)(A)(i) (2007). In compliance with this new law, Oxford issued a "2007 Benefit Update Rider" that applied from the effective date of the 2007 Certificate (February 1, 2007). (Lippold Dec., Ex. "M," at 2007 CERT 0082-83). The "2007 Benefit Update Rider" expands the Plan's Covered Services to include Mental Health Services and refers the participant to Summary of Benefits to determine the "maximum number of visits." (*Id.*) The Summary of Benefits issued with the 2007 Certificate is therefore markedly different than all the prior Certificates issued by the Plan because for the first time, it provides coverage for Inpatient Mental Health Services at out-of network providers; albeit, limited to "30 days" and subject to a "Deductible and 20% Coinsurance." (Lippold Dec., Ex. "M," at 2007 CERT 007).

---

[9] Plaintiff was not enrolled in the Entwistle & Cappucci Plan until July 29, 2002. (Lippold Dec., Ex. "C"). Plaintiff, therefore, cannot have any claims under the Plan accruing prior to July 29, 2002. Also, plaintiff did not file his Complaint until January 29, 2008. As a result, his Complaint seeks to include members in the class whose claims would be barred by the six-year statute of limitations. To the extent that the plaintiff seeks the class to include Certificates issued more than six-years prior, those claims are subject to dismissal pursuant to the N.Y. C.P.L.R. 213(1) (2007).

[10] The 2004 and 2005 Certificates contain the same Mental Health and Substance Abuse Rider for out-of-network mental healthcare services as the 2006 Certificate. (Lippold Dec., Ex. "G," at 2004 CERT 090; Ex. "H," at 2005 CERT 090).

## ARGUMENT

## POINT I

### PLAINTIFF'S CLAIMS WERE PROPERLY DENIED BY OXFORD

On a motion to dismiss pursuant to Rule 12(b)(6), FED. R. CIV. PROC., the Court may consider "the facts stated on the face of the Complaint and in documents appended to the Complaint or incorporated in the Complaint by reference, as well as [] matters of which judicial notice may be taken." *Hertz Corp.* v. *City of New York*, 1 F.3d 121, 125 (2d Cir. 1994); *see Ronzani* v. *Sanofi S.A.*, 899 F.2d 195, 196 (2d Cir. 1990); *Cantor* v. *American Banknote Corp.*, No. 06 Civ. 1392 (PAC), 2007 WL 3084966, *4 (S.D.N.Y. Oct. 22, 2007); *Steger* v. *Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) ("Because the Plan is directly referenced in the complaint and is the basis of this action, the Court may consider the Plan in deciding the motion to dismiss."). In this matter, plaintiff claims entitlement to the benefits sought under the terms of the Entwistle & Cappucci, LLP Plan. (Complaint, ¶¶23-30). Since plaintiff alleges the Plan provides the benefits sought in his Complaint, the Court may consider the documents constituting the Plan when it rules on the instant motion. *See Steger*, 382 F. Supp. 2d at 385.

### A.    The Plan Does Not Provide In-Patient, Out-of-Network, Mental Health Coverage

Plaintiff's entire complaint is based on the premise that the Plan provides coverage for his daughter's inpatient, out-of-network, mental healthcare services. Yet the Plan's clear and unequivocal terms demonstrate that plaintiff's premise is fundamentally incorrect.[11] Since the Plan did not provide coverage for the out-of-network, inpatient mental healthcare services in

---

[11] *See supra* note 4.

NY/522296v2

question, Oxford's denials of plaintiff's claims were entirely proper and consequently, plaintiff's Complaint should be dismissed.

The Court's consideration of this matter must be based on its review of the Plan documents because plaintiff's entitlement to benefits, or lack thereof, can only be determined from the documents that collectively constitute the Plan. "Contracts are interpreted under well-settled rules that aid in determining the intent of the parties drawn from the language they chose to use." *Brass* v. *American Film Techs., Inc.*, 987 F.2d 142, 148 (2d Cir. 1993). This legal axiom is of particular importance here because pursuant to ERISA, the "written instrument" defines the Plan terms and scope of coverage. ERISA §402(a)(1), 29 U.S.C. §1102(a)(1) (2007). Manifestly, plaintiff is not entitled to receive benefits for services that are not covered by the Plan. *See Feifer* v. *Prudential Ins. Co.*, 306 F.3d 1202, 1208 (2d Cir. 2002). In this case, the plain language of the Plan establishes, as a matter of law, that there was no coverage for inpatient, out-of-network, mental health services at the time plaintiff's claims were decided, or at any time prior to January 2007.[12]

The Plan for each year consists of the Certificate of Coverage, Summary of Benefits, the Mental Health Rider issued to the plaintiff each year, as well as the GEA. Each Certificate states explicitly, that all of the foregoing documents are part of and together, constitute, the entire agreement.[13]

Each Certificate contains a general exclusion for mental health services, providing:

21. Mental Health Services. Please check your Summary of Benefits to see if coverage of these services has been added through a rider.[14]

---

[12] *See supra* note 5.
[13] *See supra* note 4.
[14] (Lippold Dec., Ex. "D," at 2002 CERT 072; Ex. "F," at 2003 CERT 087; Ex. "G," at 2004 CERT 072; Ex. "H," at 2005 CERT 072; Ex. "L," at 2006 CERT 034 (No. 19); Ex. "M," at 2007 CERT 035 (No. 19).

The Mental Health and Substance Abuse Rider amends this exclusion to provide coverage for certain specifically defined mental health services, subject to the Summary of Benefits. The Mental Health Rider states in material part:

> For Inpatient and Equivalent care, We cover up to the amount of days shown in your Summary of Benefits.[15]

This Rider expressly limits the scope of coverage to the specific provisions set forth in the Summary of Benefits. Accordingly, a member cannot determine the scope of his or her mental healthcare coverage under this Rider without consulting the Summary of Benefits issued with each Certificate.

The Summary of Benefits issued with each Certificate unambiguously states with respect to inpatient, out-of-network, mental health services that there is "No Coverage" or "COVERED IN-NETWORK ONLY."[16] This term is clear, unambiguous and free from doubt and therefore, must be enforced as written. *See Francis* v. *INA Life Ins. Co. of N.Y.*, 809 F.2d 183, 185 (2d Cir. 1987); *see also Terwilliger* v. *Terwilliger*, 206 F.3d 240 (2d Cir. 2000).

Plaintiff alleges that the Summary of Benefits "does not accurately reflect the coverage provided by the Mental Health Rider." (Complaint, ¶39). But this allegation is a *non-sequitor* since the Summary of Benefits defines the scope of benefits identified in the Mental Health Rider. The Mental Health Rider does not amend or alter the scope of coverage described in the Summary of Benefits.[17] Thus, plaintiff's allegation, which is based on a flawed reading of the Plan, cannot support a claim for relief under the Plan. *See Matusovsky* v. *Merrill Lynch*, 186

---

[15] (Lippold Dec., Ex. "D," at 2002 CERT 099; Ex. "F," at 2003 CERT 097; Ex. "G," at 2004 CERT 090; Ex. "H," at 2005 CERT 090; Ex. "L," at 2006 CERT 062; Ex. "M," at 2007 CERT 066).

[16] *See supra* note 5.

[17] The 2004 through 2006 Certificates contain a Mental Health and Substance Abuse Rider that applies to out-of-network services only and does not even mention coverage for inpatient mental healthcare services. (Lippold Dec., Ex. "G," at 2004 CERT 090; EX. "H," at 2005 CERT 090; Ex. "L," at 2006 CERT 062). Accordingly, plaintiff's allegations with respect to those Certificates are wrong and his claims based upon those Certificates must be dismissed. (*Compare id. with* Complaint, ¶¶27-30).

F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("If a plaintiff's allegations are contradicted by [a document referenced in the complaint], those allegations are insufficient to defeat a motion to dismiss."); *2 Broadway LLC* v. *Credit Suisse First Boston Mortgage Capital LLC*, 00 Civ. 5773(GEL), 2001 WL 410074, *7 (S.D.N.Y. Apr. 23, 2001); *see also*, *Egan* v. *Marsh & McLennan Cos., Inc.*, 07 Civ. 7134(SAS), 2008 WL 245511, *4 (S.D.N.Y. Jan. 30, 2008).

"Whether contract language is ambiguous is a question of law that is resolved 'by reference to the contract alone.'" *O'Neil* v. *Retirement Plan Salaried Employees of RKO General, Inc.*, 37 F.3d 55, 58-59 (2d Cir. 1994) (quoting *Burger King Corp.* v. *Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990)). Plaintiff's interpretation of the Plan ignores an important clause in the Mental Health Rider, which states: "We cover up to the amount of days shown in your Summary of Benefits." The reviewing Court is "obliged to give 'full meaning and effect to all of [the Plan's] provisions.'" *Shaw Group Inc.* v. *Tripplefine Int'l Corp.*, 322 F.3d 115, 124 (2d Cir. 2003) (quoting *American Express Bank Ltd.* v. *Uniroyal, Inc.*, 164 A.D. 2d 275, 277, 562 N.Y.S. 2d 613, 614 (1st Dep't 1990)). Thus, plaintiff's construction of the Plan must fail because it does not give any meaning to this Rider clause, and instead renders the clause "superfluous" and "meaningless." *Shaw Group Inc.*, 322 F.3d at 124 (citing *Metropolitan Life Ins. Co.* v. *RJR Nabisco, inc.*, 906 F.2d 884, 889 (2d Cir. 1990)).

Plaintiff's interpretation also reads the Summary of Benefits out of the Plan. But the Summary of Benefits is expressly part of the Plan. All of the Certificates and the Group Enrollment Agreements contain an integration clause establishing that the Certificate, the Riders, the Group Enrollment Agreement, the Group Application and the Summary of Benefits all make up the entire agreement.[18] Consequently, plaintiff's efforts to ignore the Summary of Benefits

---

[18] *See supra* note 4. *See also* Lippold Dec., Ex. "D," at 2002 CERT 059; Ex. "F," at 2003 CERT 075; Ex. "G," at 2004 CERT 060; Ex. "H," at 2005 CERT 060; Ex. "L," at 2006 CERT 014; Ex. "M," 2007 CERT 015.

cannot be squared with the governing case law or the explicit terms of the Plan itself.  Further,

plaintiff's argument that the Mental Health Rider amends or varies other terms in the Plan is

misplaced, because by its very terms, the Rider cannot "vary, alter, waive, or extend any of the

terms, conditions, provisions or limitations of the [Certificate], other than as specifically stated

herein."[19]

### B.    The Plan Does Not Provide Coverage For Treatment Received At A Residential Facility

All of the Certificates issued to plaintiff and his covered dependents expressly exclude

treatment received at "residential facilities."  Plaintiff concedes that his daughter received the

treatment at issue at residential facilities.  (Complaint, ¶¶ 34, 49).   Thus, plaintiff's claims are

barred by the Residential Facility Exclusion.

Plaintiff alleges that the Residential Facility Exclusion does not apply to his daughter's

treatment at such facilities because the Mental Health Rider neutralizes the exclusion.

Specifically, plaintiff alleges that the term "Equivalent Care," as defined in the Mental Health

Rider, includes residential facilities, although the term is not referenced in this Rider.

(Complaint, ¶¶28, 32).  In fact, the Plan's definition of "Equivalent Care" is not as broad as

plaintiff suggests.  Rather, "Equivalent Care" is defined by the Plan as including treatment "in a

setting, other than such hospital, that We and the Provider deem to be safe and medically

appropriate."[20]  Also, the Plan states: "Inpatient and Equivalent Care mental health services are

Covered only when obtained from facilities licensed by the appropriate state regulatory authority

as well as any other Provider We deem appropriate to provide the Medically Necessary level of

care."  (*Id.*) Plaintiff does not allege that either the Klarman or Renfrew Centers are licensed by

---

[19] *See supra* note 15.
[20] (Lippold Dec., Ex. "D," at 2002 CERT 099; Ex. "F," at 2003 CERT 097; Ex. "G," at 2004 CERT 090; Ex. "H," at 2005 CERT 090; Ex. "L," at 2006 CERT 062; Ex. "M," at 2007 CERT 066).

any appropriate state regulatory authority or that Oxford deemed either facility appropriate to provide the necessary level of care.  Thus, plaintiff fails to even properly state a claim that either of these two facilities fall within the Plan's definition of "Equivalent Care Facilities."

Furthermore, the Mental Health Rider does not revoke the exclusion in the Certificate for treatment rendered at a "residential facility."  In fact, the only exclusions the Mental Health Rider amends are the two for: (1) mental health treatment and (2) alcohol and substance abuse, and the Rider explicitly states it will *not* "be held to vary, alter, waive, or extend any of the terms, conditions, provisions or limitations of the Agreement to which this Rider is attached, other than as specifically stated herein."  Since the Rider does not even make reference to the Residential Facility Exclusion in the base Certificate, it cannot alter this exclusion.

Plaintiff argues that the Mental Health Rider covers inpatient, out-of-network, mental health services because it discusses reimbursement subject to Usual, Customary and Reasonable ("UCR") limitations—a term plaintiff claims is limited to payment for out-of-network services. (Complaint, ¶¶29-30).  Here, again, plaintiff's argument is incorrect because the discussion of UCR limitations in the Mental Health Rider relates to *outpatient*, out-of-network mental health services, which are covered by the Plan.  There is nothing inconsistent about the Mental Health Rider discussing UCR limitations for outpatient, out-of-network services, which are covered, and not providing coverage for inpatient, out-of-network, mental health services.[21]

As demonstrated by the foregoing, Oxford properly denied plaintiff's claims for inpatient mental health services rendered to his daughter at two out-of-network residential facilities.  As discussed above, the Plan did not provide coverage for these services.  Furthermore, the services in question were rendered at "residential facilities," which again, are specifically excluded from coverage under the Plan.  Since Oxford properly denied both of plaintiff's claims based upon the

---

[21] *See supra* note 5.

specific limitations and exclusions set forth in the Plan, the Court should grant defendants'

motion for an order dismissing plaintiff's Complaint for failure to state a cause of action.

### POINT II

### PLAINTIFF'S CLAIMS BASED UPON ALLEGED PROCEDURAL IRREGULARITIES ARE WITHOUT MERIT

Plaintiff alleges that Oxford's decisions on his claims are inconsistent and contradictory

because two different basis were provided for the denials of benefits.  (Complaint, ¶¶44, 48, 51).

Specifically, plaintiff argues that, with respect to the appeal taken concerning the services

rendered in 2006, the "ground for the denial of benefits is completely different from the earlier

denial, which asserted wrongly that ***residential*** care was not covered."  (Complaint, ¶43)

(emphasis and bold in original).  It is respectfully submitted that plaintiff's argument is without

merit and that Oxford's position, at both the initial review stage, and on administrative appeal,

was neither inconsistent nor wrong.

Plaintiff's allegation of inconsistency is based on the unstated presumption that Oxford's

first grounds for denial was wrong and that its decision upholding the denial of benefits on

appeal is incompatible with its first basis for denial.  Oxford's initial denial was based on the fact

that the services in question were rendered at a "residential facility," which is specifically

excluded by the Plan.  (Complaint, ¶37).  As stated above, that conclusion is entirely consistent

with the Plan's terms.  (*See supra*, POINT I, B at 14).  Oxford subsequently concluded on appeal

the services in question were not covered because the Plan does not cover inpatient, out-of-

network, mental health services.  (Complaint, ¶43).  This is a separate, but no less appropriate,

basis for denial of the claim.  Manifestly, Oxford's two reasons for denying plaintiff's claim for

benefits are not only consistent with each other, but are both based on correct interpretations of

the Plan's terms.

Furthermore, plaintiff's allegation of inconsistent decision-making does not provide the basis for the Court to award benefits when the treatment in question is not covered by the Plan. *See Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614, 629 (2d Cir. 2008) (affirming dismissal of claim where the plan did not provide coverage for the services in question).  ERISA §502(a)(1)(B) only provides participants with the right "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. §1132(a)(1)(B).  Since the services rendered are not covered by the Plan for both reasons expressed by Oxford, plaintiff's claims of inconsistent rationales or procedural irregularities cannot be sustained.  Accordingly, defendants are entitled to dismissal of plaintiff's Complaint in its entirety due to his failure to state a cause of action.

## POINT III

### PLAINTIFF'S CLASS ACTION
### COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY

Plaintiff alleges that a class of persons, who received Certificates of Coverage from Oxford including the same Mental Health and Substance Abuse Rider as the one forming the basis for his individual claims, are similarly entitled to coverage for inpatient, out-of-network mental healthcare services under their respective plans.  (Complaint, ¶16).  As discussed above, plaintiff's Plan does not provide coverage for these services.  *See* POINTS I, II, *supra.*  Since plaintiff has failed to allege a claim that supports his entitlement to the benefits sought under his Plan, there can be no class of similarly situated participants who have an actionable claim against the defendants either.  *See Mason* v. *American Tobacco Co.*, 346 F.3d 36 (2d Cir. 2003) (affirming dismissal of class action complaint in its entirety where lead plaintiff and all similarly situated class members' claims were based upon a statute interpreted by the court in defendants' favor); *see also Albert Fadam Trust* v. *Citigroup, Inc.*, 165 Fed. Appx. 928 (2d Cir. 2006)

(affirming dismissal of entire class action complaint where lead plaintiff could not adequately allege defendant's scienter in order to meet pleading requirements under applicable securities act).

Additionally, plaintiff cannot identify any injury for himself or any similarly situated class members with respect to the 2007 Certificate because the Certificate provides coverage for inpatient, out-of-network, mental healthcare services.  (Lippold Dec., Ex. "M," at 2007 CERT 007).  Plaintiff has not alleged that he, or anyone else, has been denied any mental healthcare benefits under the 2007 Certificate, regardless of whether the treatment was in-network or out-of-network.  Since the Plan provides inpatient, out-of-network, mental healthcare services as of February 1, 2007, there is no class of persons that plaintiff can adequately claim exists in order to support any claim under the 2007 Certificate.  Accordingly, the Complaint must be dismissed in its entirety.

## POINT IV

### PLAINTIFF'S CLAIMS AGAINST
### UHSI AND UHI MUST BE DISMISSED

Plaintiff may not maintain his claim against UHSI and UHI because they have been improperly joined as defendants to this action.  Plaintiff's claim for benefits may only be asserted against the ERISA Plan, which is a proper party and can be sued just as any other entity.  ERISA §502(d)(1), 29 U.S.C. §1132(d)(1) (2007).  "Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity."  ERISA §502(d)(2); 29 U.S.C. §1132(d)(2) (2007).  "In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable."  *Leonelli* v. *Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989); *see also Chapman* v. *ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509-10 (2d Cir. 2002); *Crocco* v. *Xerox Corp.*, 137

18

F.3d 105, 107 (2d Cir. 1998); *Del Greco* v. *CVS Corp.*, 354 F. Supp. 2d 381, 384 (S.D.N.Y. 2005); *see also Steger*, 382 F. Supp. 2d at 387 (dismissing Aetna, which was not the party with final discretionary authority).

Plaintiff has not alleged that either UHSI or UHI are the Plan, Plan administrators or trustees of the Plan. Plaintiff alleges that UHSI "administer[s] Oxford medical insurance benefits in New York and participat[es] in decision-making concerning medical benefits." (Complaint, ¶9). Plaintiff also alleges that UHI "establishes corporate policies and participates in the underwriting and administration of medical benefits for Oxford and other affiliated subsidiaries offering medical benefits nationwide." (Complaint, ¶10). These allegations, however, are insufficient, even if proven true, to render either UHSI or UHI proper defendants in this action. *See Del Greco*, 354 F. Supp. 2d at 384 ("An entity that provides services to a plan does not become a *de facto* plan administrator liable under ERISA."). Accordingly, since neither UHSI nor UHI is alleged to be the Plan (ERISA §3(1), 29 U.S.C. §1002(1)) or the plan administrator (ERISA §3(16), 29 U.S.C. §1002(16)), plaintiff's claims for benefits under ERISA §502(a)(1)(B) against them must be dismissed.

Since the Plan does not expressly identify the Plan's "administrator," the Plan's sponsor -- *i.e.*, Entwistle & Cappucci, LLP -- is deemed to be the Plan's "administrator." *Nechis* v. *Oxford Health Plans, Inc.*, 328 F. Supp. 2d 469, 476-77 (S.D.N.Y. 2004) *aff'd* 421 F.3d 96 (2d Cir. 2005). Plaintiff's employer, as the "Plan sponsor," is the default Plan administrator.[22] Neither UHSI nor UHI are the Plan's "administrator," since neither has been so identified in the

---

[22] ERISA §3(16)(A), 29 U.S.C. §1002(16)(A) (2007) defines the plan "administrator" as follows:
(i) the person specifically so designated by the terms of the instrument under which the Plan has operated;
(ii) if an administrator is not so designated, the Plan sponsor; or
(iii) in the case of a Plan for which an administrator is not designated and a Plan sponsor cannot be identified, such other person as the secretary may by regulation prescribe.
ERISA defines "Plan Sponsor" as the "employer in the case of an employee benefit plan established or maintained by a single employer." ERISA §3(16)(B)(i); 29 U.S.C.§1002(16)(B)(i) (2007).

Plan documents. *See Crocco*, 137 F.3d at 107; *Bergquist v. Aetna U.S. Healthcare*, 289 F. Supp. 2d 400, 413-14 (S.D.N.Y. 2003); *Peterson v. Continental Casualty Co.*, 77 F. Supp. 2d 420 (S.D.N.Y. 1999), *aff'd in part, vacated in part*, 282 F.3d 112 (2d Cir. 2002); *see also, Gray v. Briggs*, No. 97-CIV-6252 (DLC), 1998 WL 386177, (S.D.N.Y. July 7, 1998); *Harless v. Research Inst. of Am.*, 1 F. Supp. 2d 235, 239 (S.D.N.Y. 1998); *Pineiro v. Pension Benefit Guar. Corp.*, No. 1996 Civ.-7392, 1997 WL 739581, *at* *13-17 (S.D.N.Y. Nov. 26, 1997); *Weiss v. Cigna Healthcare, Inc.*, 972 F. Supp. 748, 753 (S.D.N.Y. 1997).

Since neither UHSI nor UHI are proper parties to this litigation, plaintiff's complaint should be dismissed as against them.

## CONCLUSION

For the foregoing reasons, the Court should grant defendants' motion for an order pursuant to Rule 12(b)(6), FED. R. CIV. PROC., dismissing plaintiff's Complaint in its entirety for failure to state a cause of action, or in the alternative dismissing UHSI and UHI for failure to state a cause of action against them, and award any other and further relief as this Court deems just and proper.

NY/522296v2

Dated: New York, New York
        April 14, 2008

                                        Respectfully submitted,


                                        s/_____
                                        Michael H. Bernstein  (MB-0579)
                                        John T. Seybert  (JS-5014)
                                        SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                        125 Broad Street, 39th Floor
                                        New York, New York 10004-2400
                                        (212) 422-0202 telephone
                                        (212) 422-0925 facsimile

                                        *Attorneys for Defendants*
                                        OXFORD HEALTH PLANS (NY), INC.,
                                        UNITED HEALTHCARE SERVICES, INC.
                                        and UNITED HEALTHCARE, INC.



TO:     Eric B. Fisher, Esq.
        MORGENSTERN, FISHER & BLUE, LLC
        *Attorneys for Plaintiff*
        885 Third Avenue
        New York, New York 10022

21

NY/522296v2

## <u>CERTIFICATE OF SERVICE</u>

I, John T. Seybert, hereby certify and affirm that a true and correct copy of the

attached **MEMORANDUM OF LAW** was served via ECF and overnight mail on this 14th day

of April, 2008, upon the following:

Eric B. Fisher, Esq.
MORGENSTERN, FISHER & BLUE, LLC
885 Third Avenue
New York, New York 10022
*Attorneys for Plaintiff*

s/ _____
JOHN T. SEYBERT (JS-5014)

Dated:    New York, New York
          April 14, 2008