UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANONYMOUS OXFORD HEALTH PLAN MEMBER
WITH ID #6023604*01, on behalf of himself and all
others similarly situated,                                                                  Civ. Act. No.  08 CV 00943 (PAC)

                            Plaintiff,                                **ORAL ARGUMENT REQUESTED**

       -against-

OXFORD HEALTH PLANS (NY), INC., a New York                           DOCUMENT
Corporation, UNITED HEALTHCARE SERVICES,                              ELECTRONICALLY FILED
INC., a Minnesota Corporation, and UNITED
HEALTHCARE, INC., a Delaware Corporation,

                            Defendants.
------------------------------------------------------------------------X


## DEFENDANTS' REPLY MEMORANDUM OF LAW
## ON MOTION TO DISMISS
## PLAINTIFF'S CLASS ACTION COMPLAINT

                                            SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                            125 Broad Street, 39th Floor
                                            New York, New York 10004-2400
                                            Telephone: (212) 422-0202
                                            Facsimile:  (212) 422-0925

                                            *Attorneys for Defendants*
                                            OXFORD HEALTH PLANS (NY), INC., UNITED
                                            HEALTHCARE SERVICES, INC. and UNITED
                                            HEALTHCARE, INC.

Of Counsel
  Michael H. Bernstein, Esq.
  John T. Seybert, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

    POINT I

    THE PLAN DOES NOT PROVIDE OUT-OF-NETWORK, INPATIENT MENTAL
    HEALTH BENEFITS ...................................................................................................... 1

        A.    THE SUMMARY OF BENEFITS IS NOT THE EQUIVALENT OF A
             SUMMARY PLAN DESCRIPTION .................................................................. 2

        B.    THE SUMMARY OF BENEFITS IS AN INTEGRAL PART OF THE
             PLAN THAT THE COURT CAN CONSIDER ON A MOTION TO
             DISMISS ............................................................................................................. 4

        C.    PLAINTIFF'S MISCONSTRUCTION OF THE PLAN DOES NOT CREATE
             AN AMBIGUITY ................................................................................................ 5

    POINT II

    PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO
    DEMONSTRATE THAT THE RESIDENTIAL FACILITY EXCLUSION IS
    INAPPLICABLE .............................................................................................................. 7

    POINT III

    PLAINTIFF IS NOT ENTITLED TO MAINTAIN A CLAIM FOR BENEFITS
    AGAINST UHSI OR UHI .............................................................................................. 8

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

**Pages**

*Abbruscato* v. *Empire Blue Cross & Blue Shield*,
No. 99 Civ. 2970 (BSJ), 2000 WL 1585084 (S.D.N.Y. Oct. 24, 2000) *aff'd
and rev'd on other grounds* 274 F.3d 90 (2d Cir. 2001) .................................................. 3

*American Med. Assoc.* v. *United HealthCare Corp.*,
No. 00 Civ. 2800 (LMM), 2007 WL 1771498 (S.D.N.Y. Jun. 18, 2007) ..................... 9

*Brass* v. *American Film Technologies, Inc.*,
987 F.2d 142 (2d Cir. 1993) .......................................................................................... 6

*Diagnostic Medical Associates, M.D., P.C.* v. *Guardian Life Insurance Co.*,
157 F. Supp. 2d 292 (S.D.N.Y. 2001) .......................................................................... 7

*Garza* v. *Marine Transport Lines, Inc.*,
861 F.2d 23 (2d Cir. 1988) ............................................................................................ 6

*Heidgerd* v. *Olin Corp.*,
906 F.2d 903 (2d Cir. 1990) .......................................................................................... 3

*Rubio* v. *ChockFull O'Nuts Corp.*,
254 F. Supp. 2d 413 (S.D.N.Y. 2003) .......................................................................... 2

*John Hancock Mutual Life Insurance Co.* v. *Amerford International Corp.*,
22 F.3d 458 (2d Cir. 1994) ............................................................................................ 1

*Klecher* v. *Metropolitan Life Insurance Co.*,
No. 01 Civ. 9566 PKL, 2003 WL 21314033 (S.D.N.Y. Jun. 6, 2003) ......................... 2

*Krauss* v. *Oxford Health Plans, Inc.*,
517 F.3d 614 (2d Cir. 2008) .......................................................................................... 7

*Lee* v. *Burkhart*,
991 F.2d 1004 (2d Cir. 1993) .................................................................................... 3, 9

*Messmer* v. *Xerox Corp.*,
139 F. Supp. 2d 398 (W.D.N.Y. 2001) ........................................................................ 5

*Pagan* v. *NYNEX Pension Plan*,
52 F.3d 438 (2d Cir. 1995) ............................................................................................ 7

*Sheehan* v. *Metropolitan Life Insurance Co.*,
368 F. Supp. 2d 228 (S.D.N.Y. 2005) .......................................................................... 3

*State Farm Mutual Automobile Insurance Co.* v. *CPT Medical Services, P.C.,*
   246 F.R.D. 143 (E.D.N.Y. 2007) ..................................................................................9

*Yak* v. *Bank Brussels Lambert, BBL,*
   252 F.3d 127 (2d Cir. 2001) ........................................................................................4

**STATUTES**

ERISA §3(1), 29 U.S.C. §1002(1) (2008) ...................................................................3, 9

ERISA §3(16)(A), 29 U.S.C. §1002(16)(A) (2008) ....................................................3, 9

ERISA §102, 29 U.S.C. §1022(b) (2008) ........................................................................2

ERISA §104, 29 U.S.C. §1024 (2008) ............................................................................3

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) (2008) .............................................8, 9

ERISA §502(d), 29 U.S.C. §1132(d) (2008) ...................................................................9

## ARGUMENT

### POINT I

### THE PLAN DOES NOT PROVIDE
### OUT-OF-NETWORK, INPATIENT MENTAL HEALTH BENEFITS

Although plaintiff spends a fair amount of his opposition arguing that his employer's health plan includes coverage for inpatient, out-of-network mental health services, this position is incorrect and cannot be supported by the very plan documents upon which he predicates his Class Action Complaint (the "Complaint"). The Entwistle & Cappucci, LLP employee health benefit plan (the "Plan") provides no coverage for out-of-network, inpatient mental health services.[1] Each of the Plan's Certificates of Coverage (the "Certificates") for the years in question clearly state that such services are: "COVERED IN-NETWORK ONLY" or "Not Covered."[2] All of the Plan terms in each Certificate are consistent with this statement of coverage, and every Mental Health Rider for each iteration of the Plan explicitly references the Summary of Benefits for a specification of the scope and amount of benefits available.[3] Given the foregoing, which is clear and unambiguous, defendants are entitled to an order dismissing the Complaint because the Plan does not provide coverage for the benefit sought. *See John Hancock Mut. Life Ins. Co.* v. *Amerford Int'l Corp.*, 22 F.3d 458, 461 (2d Cir. 1994) ("Contractual language is unambiguous when it has 'a definite and precise meaning'. . .").

In opposition to defendants' motion to dismiss, plaintiff engages in a variety of speculative arguments, none of which provide the Court with a basis to permit this action to proceed. Specifically, plaintiff: (i) inaccurately assumes that the Summary of Benefits is a Summary Plan Description ("SPD") and incorrectly argues that an SPD cannot trump the Plan terms; (ii) incorrectly argues that the Summary of Benefits should be ignored for the purposes of the motion; and (iii)

---

[1] Declaration of Rodney Lippold dated April 14, 2008, Docket No. 14, Ex. "D," at 2002 CERT 008; Ex. "F," at 2003 CERT 010; Ex. "G," at 2004 CERT 010; Ex. "H," at 2005 CERT 010; Ex. "L," at 2006 CERT 008 ("Lippold Dec."). Effective for the 2007 Calendar Year, the Plan provides coverage for out-of-network, inpatient, mental health services. *See* Lippold Dec., Ex. "M," at 2007 CERT 007.
[2] *Id.*
[3] Lippold Dec., Ex. "D," at 2002 CERT 099; Ex. "F," at 2003 CERT 097; Ex. "G," at 2004 CERT 090; Ex. "H," at 2005 CERT 090; Ex. "L," at 2006 CERT 062; Ex. "M," at 2007 CERT 066.

misleadingly asserts that defendants' interpretation of the Plan negates the entire Mental Health Rider. As demonstrated in defendants' moving papers and as further discussed below, plaintiff is wrong on all points because each of his positions is based upon a fundamentally flawed interpretation of the Plan.

### A.  THE SUMMARY OF BENEFITS IS NOT THE EQUIVALENT OF A SUMMARY PLAN DESCRIPTION

Plaintiff's main argument is that the Plan's Summary of Benefits is an SPD that conflicts with the Plan document. He then relies upon case law regarding resolution of conflicts between SPDs and plan documents in order to argue that the Court must ignore the Summary of Benefits. But, plaintiff's argument is completely wrong because the Plan Summary of Benefits is not an SPD. This fatal error infects the entire opposition, as well as plaintiff's entire claim. The Summary of Benefits in this case is a Plan document, which is clearly not an SPD. Thus, all of plaintiff's arguments, which misleadingly equate the Summary of Benefits with an SPD are fundamentally flawed.

Manifestly, the Summary of Benefits[4] is not the SPD. An SPD is a statutorily defined document. ERISA, §102(b); 29 U.S.C. §1022(b). Pursuant to 29 U.S.C. §1022(b) eleven specific classes of information must be set forth in a document in order for it to qualify as an SPD. *See Klecher* v. *Metropolitan Life Ins. Co.*, No. 01 Civ. 9566 PKL, 2003 WL 21314033, *6 (S.D.N.Y. Jun. 6, 2003). Here, the Summary of Benefits does not qualify as an SPD because it does not include: (i) the name and address of the insurer; (ii) the person designated as agent for the service of legal process; (iii) the name and address of the administrator; (iv) the plan's requirements respecting eligibility for participation and benefits; (v) the source of financing of the plan; and (vi) the date of the end of plan year. *Id.*; *see also Rubio* v. *ChockFull O'Nuts Corp.*, 254 F. Supp. 2d 413, 426-27

---

[4]  Lippold Dec., Ex. "D," at 2002 CERT 077; Ex. "F," at 2003 CERT 090; Ex. "G," at 2004 CERT 075; Ex. "H," at 2005 CERT 076; Ex. "L," at 2006 CERT 045; Ex. "M," at 2007 CERT 046.

2

(S.D.N.Y. 2003) (finding that a document was not an SPD because it failed to meet the statutory requirements); *Abbruscato* v. *Empire Blue Cross & Blue Shield*, No. 99 Civ. 2970 (BSJ), 2000 WL 1585084 (S.D.N.Y. Oct. 24, 2000) *aff'd and rev'd on other grounds* 274 F.3d 90 (2d Cir. 2001).

The plan administrator (not the insurer) is responsible for the creation and distribution of the SPD. ERISA §104, 29 U.S.C. §1024 (2008). In this case, plaintiff's employer is the plan administrator and is therefore responsible for the issuance of the SPD.[5] *See Heidgerd* v. *Olin Corp.*, 906 F.2d 903, 907 (2d Cir. 1990); *Sheehan* v. *Metropolitan Life Ins. Co.*, 368 F. Supp. 2d 228, 260 (S.D.N.Y. 2005). The Summary of Benefits is a plan document that was issued by Oxford along with the other plan documents.[6]

Perhaps more importantly, plaintiff has not alleged that he relied upon the Plan's SPD to his detriment, or that the SPD provides something contrary to the explicit Plan terms. *See Lee* v. *Burkhart*, 991 F.2d 1004, 1009-10 (2d Cir. 1993) (finding that plaintiff must allege reliance on conflicting terms of SPD in order to rely on its terms). Plaintiff's Complaint does not even make reference the Plan's SPD, much less identify any language in it that conflicts with the Plan terms. In addition, contrary to the case law cited by plaintiff (Plaintiff's Memorandum of Law In Opposition To Motion To Dismiss, Docket No. 17, at pp. 9-10 ("Plaintiff's MOL")), according to well-established *Second Circuit* authority, where "the terms of a plan and those of a plan summary conflict, it is the plan summary that controls." *Heidgerd*, 906 F.2d at 908. Therefore, even if the plaintiff was correct to argue that the Summary of Benefits is the Plan SPD, his claim still must be dismissed because the Summary of Benefits unequivocally states that the benefits sought are not covered.

Plaintiff's clumsy attempt to substitute "Summary of Benefits" or "Summary" for "Summary Plan Description" in the cases he cites is the practical equivalent of attempting to jam a square peg

---

[5]  Lippold Dec., Exs. "D," "F;" "G," Ex. "H," "L," and "M."
[6]  *See infra.* note 7.

into a round hole. (Plaintiff's MOL, at pp. 8-10). The argument does not work, and it is highly misleading. As such, the Court should give it no further consideration.

      **B.     THE SUMMARY OF BENEFITS IS AN INTEGRAL PART OF THE PLAN THAT THE COURT CAN CONSIDER ON A MOTION TO DISMISS**

Plaintiff's argument that the Court cannot consider the Summary of Benefits, or the actual Plan documents, on a motion to dismiss is not only procedurally incorrect, but also illogical. (Plaintiff's MOL, at p.7). The Summary of Benefits is not a separate document; it is an integral part of the overall Plan. The Group Enrollment Agreements (the "GEA's") entered into with plaintiff's employer as well as the Certificates, explicitly state that the Summary of Benefits is one of the documents that comprise the Plan.[7]

It is well-established that the Court can consider the Plan documents on which plaintiff bases his Complaint when deciding the motion to dismiss. *See Yak* v. *Bank Brussels Lambert, BBL*, 252 F.3d 127, 130-31 (2d Cir. 2001) (on motion to dismiss a court is allowed to consider a document that is "integral to the Complaint"). Although plaintiff argues that he is entitled to play a shell game by removing crucial contract terms from the Court's consideration in order to survive a motion to dismiss, that is clearly not the law. Plaintiff predicates his claim on the very plan documents he asks the Court to ignore. The Court is entitled to review the entire document, not only those pages plaintiff selectively chooses to reference in his pleadings. *Id.*

Moreover, a review of the Mental Health Rider plaintiff annexes to his Complaint expressly states "We Cover up to the amount of days shown in your Summary of Benefits."[8] Since, the Rider Plaintiff attaches to the Complaint incorporates the Summary of Benefits, the Court must review it in order to appreciate the full scope of benefits. Plaintiff's additional argument that the Court cannot consider the Certificate in effect at the time plaintiff's dependent received services in 2006 is also

---

[7] Lippold Dec., Ex. "B," at 1; Ex. "E," at 1; Ex. "J," at 1; Ex. "D," at 2002 CERT 080; Ex. "F," at 2003 CERT 092; Ex. "G," at 2004 CERT 077; Ex. "H," at 2005 CERT 078; Ex. "L," at 2006 CERT 049; Ex. "M," at 2007 CERT 050.
[8] *See supra* note 3.

4

incorrect. (Plaintiff's MOL, at p. 7). On a motion to dismiss, the Court should consider the plan plaintiff had at the time and not the contract that plaintiff wishes he had. The fact that plaintiff asserts in his opposition brief that he did not receive the relevant Certificate does not affect the analysis. The 2006 Certificate and other Plan documents for that year are the controlling agreement between the employer and Oxford. *See Messmer* v. *Xerox Corp.*, 139 F. Supp. 2d 398 (W.D.N.Y. 2001).

Plaintiff's reason for asking the Court to ignore the Summary of Benefits in this instance is apparent—his claims for out-of-network, inpatient mental health services are not covered by the Plan. If the Court reviews the full Plan document, and not just the portions of the Plan that plaintiff selectively attaches to his pleadings, there can be no other conclusion and plaintiff's Complaint must be dismissed. Plaintiff's unsupported argument that the Court must turn a blind eye to indisputable documentary facts is no reason to deny defendants' motion.

### C. PLAINTIFF'S MISCONSTRUCTION OF THE PLAN DOES NOT CREATE AN AMBIGUITY

Plaintiff also argues that the Mental Health Rider's sole purpose is to eliminate the Plan's exclusion for mental health services for out-of-network, inpatient care. Based upon this mistaken assumption, plaintiff argues that it would make "no sense to include a Rider providing out-of-network mental health benefits only to negate all of that coverage in the Summary." (Plaintiff's MOL, at p. 11). Plaintiff's argument fails for a number of reasons. First, all benefits for mental health services, regardless of whether they are inpatient, outpatient, in-network or out-of network, were excluded under the terms of the Plan, unless added to the Certificate by a Rider. The exclusion provides in material part "[p]lease check your Summary of Benefits to see if coverage of these services has been added through a rider."[9] The Mental Health Rider restores coverage for mental health services, but only as specified by the Summary of Benefits. The Rider specifically states "We

---

[9] Lippold Dec., Ex. "D," at 2002 CERT 072; Ex. "F," at 2003 CERT 087; Ex. "G," at 2004 CERT 072; Ex. "H," at 2005 CERT 072; Ex. "L," at 2006 CERT 034 (No. 19); Ex. "M," at 2007 CERT 035 (No. 19).

cover up to the amount of days shown in your Summary of Benefits."[10] When the Rider and Summary of Benefits are read together (as they are meant to be), it is clear that the Plan provides coverage for: in-network mental health services and outpatient mental health services received in-network or out-of-network.[11] Thus, contrary to plaintiff's argument, the Summary of Benefits does not negate the coverage provided but instead, sets forth the amount and scope of mental health benefits available pursuant to this Rider.

This construction of the Plan gives effect to all of its provisions and gives full effect to the Mental Health Rider, including the provision limiting mental health benefits to the terms specified in the Summary of Benefits. Conversely, plaintiff's construction requires the Court to ignore the Summary of Benefits. But without the Summary of Benefits, there is nothing in the Plan defining the scope of benefits for out-of-network, inpatient mental health services (or any other plan benefit for that matter). Unlike any other benefit identified in the Plan (including the other mental health benefits identified in the Rider), plaintiff's construction of the Plan requires the Court to ignore Plan documents and rule that mental healthcare benefits are virtually limitless. Furthermore, plaintiff's construction ignores the significant change in coverage reflected by the 2007 Certificate, which for the first time provides benefits for out-of-network, inpatient mental health services and specifies the scope and amount of those benefits in the Summary of Benefits. (Lippold Dec., Ex. "M," at 2007 CERT 007). Since the only reasonable interpretation of the Plan includes reference to the Summary of Benefits, plaintiff's interpretation is not reasonable. *See Garza* v. *Marine Transp. Lines, Inc.*, 861 F.2d 23, 27 (2d Cir. 1988) (an interpretation rendering a clause superfluous "is not preferred and will be avoided if possible."); s*ee also Brass* v. *American Film Techs., Inc.*, 987 F.2d 142, 149 (2d Cir. 1993) ("Straining a contract's language beyond its reasonable and ordinary meaning does not create an ambiguity.").

---

[10] *See supra* note 3.
[11] See *supra* note 1.

Plaintiff's awkward construction of the Plan leads to the further untenable argument that the Plan is ambiguous (Plaintiff's MOL, at pp. 12-13). He further argues that all ambiguities in the Plan must be construed in his favor. Even if plaintiff's argument that the Plan is ambiguous was correct (it is not), his argument that such ambiguities must be interpreted in his favor is wrong on the law. The doctrine of *contra proferentum* applies only in cases where the Court must review an administrator's decisions under the *de novo* review standard. Here, the Plan grants Oxford discretionary authority to interpret all Plan terms.[12]  *See Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614, 622-23 (2d Cir. 2008). Thus, even if plaintiff were correct in his argument that the Plan's Mental Health Rider is ambiguous (it is not), Oxford's interpretation of that term is entitled to deference by the reviewing court. *See id.* Consequently, the *contra proferentum* doctrine is inapplicable. *See Pagan* v. *NYNEX Pension Plan*, 52 F.3d 438, 443-44 (2d Cir. 1995); *Diagnostic Med. Assocs., M.D., P.C.* v. *Guardian Life Ins. Co.*, 157 F. Supp. 2d 292, 297 (S.D.N.Y. 2001). Thus, Oxford's interpretation of the Plan must be accepted by the Court even where the terms of the Plan actually are ambiguous, because Oxford is granted discretion to resolve such ambiguities. *Id.*

## POINT II

### PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO DEMONSTRATE THAT THE RESIDENTIAL FACILITY EXCLUSION IS INAPPLICABLE

Plaintiff argues that the Plan's "residential facility" exclusion does not apply here because his daughter received medically necessary services at "Equivalent Care Facilities," as that term is defined in the Mental Health Rider. Plaintiff admits the facilities that treated his daughter are "residential facilities." (Complaint, ¶¶34, 49). Plaintiff argues that the definition of an "Equivalent Care Facility" in the Mental Health Rider negates the "residential facility" exclusion, but his argument fails for three reasons:

---

[12] Lippold Dec. Exs. Ex. "D," at 2002 CERT 080 (No. 10, "Policies and Procedures"); Ex. "F," at 2003 CERT 092 (No. 10); Ex. "G," at 2004 CERT 077 (No. 10); Ex. "H," at 2005 CERT 078 (No. 10); Ex. "L," at 2006 CERT 050 (No. 10); Ex. "M," at 2007 CERT 051 (No. 10).

First, the Rider requires "'Equivalent Care' [be] provided in a setting other than such hospital, that *We and the Provider deem to be safe and medically appropriate*." (italics supplied). Plaintiff does not allege that Oxford deemed the facilities identified in his Complaint to be safe and medically appropriate. Therefore, plaintiff's Complaint fails to sufficiently plead facts to support a claim that these two facilities meet the Plan's definition of "Equivalent Care Facilities."

Second, the Rider states, that "Inpatient and Equivalent Care mental health services are Covered only when obtained from facilities licensed by the appropriate state regulatory authority…" Plaintiff's Complaint does not allege that these facilities were licensed by appropriate state regulatory authorities. Thus, plaintiff's Complaint fails to allege facts to support the allegation that these two facilities meet the Plan's definition of "Equivalent Care Facilities" on this ground as well.

Third, the Mental Health Rider specifically delineates the exclusions it amends. The Rider states that it will not be "held to vary, alter, waive, or extend any of the terms, conditions, provisions or limitations of the Agreement to which this Rider is attached, other than as specifically stated herein." (Complaint, Ex. "A"). Since the Rider did not reference the "residential facility" exclusion, it could not vary or alter it to expand coverage for treatment rendered at such excluded "residential facilities." Accordingly, Oxford's application of the residential facility exclusion was an entirely appropriate basis for denial of the benefits at issue, in addition to the denial issued on the basis that the Plan provides no coverage for out-of-network, inpatient services at the time in question.

## POINT III

### PLAINTIFF IS NOT ENTITLED TO MAINTAIN A CLAIM FOR BENEFITS AGAINST UHSI OR UHI

Plaintiff seeks to avoid dismissal of defendants United HealthCare Services, Inc. ("UHSI") and United Healthcare, Inc. ("UHI") on the grounds that discovery is needed to determine whether these defendants are proper parties to the suit. But discovery cannot reveal any information probative of this issue. ERISA §502(a)(1)(B) provides that a party may only commence an action

against the plan or the plan administrator. 29 U.S.C. §1132(a)(1)(B) (2008). Neither UHSI nor UHI is the Plan or the Plan administrator and thus, neither is a proper party to this action. The statutory definition of the "plan" and the plan "administrator" is a point of law requiring no factual discovery to determine. Here, the Court needs only to review the Plan documents to conclude that UHSI and UHI are not proper parties.

It is elementary ERISA law that the Plan may be sued just as any other legal entity. ERISA §502(d), 29 U.S.C. §1132(d) (2008). The Plan is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer. . ." ERISA §3(1), 29 U.S.C. §1002(1) (2008). UHSI and UHI do not fit this definition.[13]

The "Plan Administrator" is either "the person specifically so designated by the terms of the instrument under which the plan is operated" or "if an administrator is not so designated, the plan sponsor." ERISA §3(16)(A); 29 U.S.C. §1002(16)(A) (2008). ERISA §3(16)(A)(ii) also identifies the plan sponsor as the plan administrator when there is no specific designation in the Plan. Here, the plan sponsor is Entwistle & Cappucci, LLP, the employer that established the Plan. ERISA §3(16)(B)(i); 29 U.S.C. §1002(16)(B)(i) (2008). Conversely, no Plan document identifies either UHSI or UHI as the Plan Administrator.

The cases plaintiff cites to avoid dismissal of the Complaint against UHSI and UHI are inapposite. Plaintiff has asserted a benefits claim, which can only be brought against the plan or the plan administrator. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) (2008). All of the cases plaintiff cites involve causes of action other than benefits claims and thus, are not instructive. *Cf. American Med. Assoc.* v. *United HealthCare Corp.*, No. 00 Civ. 2800 (LMM), 2007 WL 1771498 (S.D.N.Y. Jun. 18, 2007) (claims alleging RICO violations); *State Farm Mut. Auto Ins. Co.* v. *CPT*

---

[13] Although Oxford is not the "plan" either, it insures the Plan and thus, it does not challenge that it is a proper party to the suit. Plaintiff, however, should have named the Entwistle & Cappucci, LLP Health Benefit Plan as the proper party defendant. *See, e.g., Lee*, 991 F.2d at 1011-12.

9

*Medical Servs., P.C.*, 246 F.R.D. 143 (E.D.N.Y. 2007) (allowing discovery to further identify medical providers engaged in fraudulent billing practices).

Consequently, plaintiff's assertion that the Court should not dismiss defendants UHSI and UHI without allowing discovery is meritless, as there is no further information required to justify a finding that neither are proper parties to this suit, or that there is even an outstanding question of fact on this point.

## CONCLUSION

For the reasons set forth in defendants' Memorandum of Law (Docket No. 16) and for the reasons set forth above, the Court should grant defendants' motion for an order pursuant to Rule 12(b)(6), FED. R. CIV. PROC., dismissing plaintiff's Complaint in its entirety for failure to state a cause of action, or in the alternative dismissing UHSI and UHI for failure to state a cause of action against them, and award any other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 21, 2008                                    Respectfully submitted,

                                                         s/
                                                         Michael H. Bernstein (MB-0579)
                                                         John T. Seybert (JS-5014)
                                                         SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                                         125 Broad Street, 39th Floor
                                                         New York, New York 10004-2400
                                                         Tel. (212) 422-0202   Fax (212) 422-0925

                                                         *Attorneys for Defendants*
                                                         OXFORD HEALTH PLANS (NY), INC.,
                                                         UNITED HEALTHCARE SERVICES, INC.
                                                         and UNITED HEALTHCARE, INC.

## CERTIFICATE OF SERVICE

I, John T. Seybert, hereby certify and affirm that a true and correct copy of the attached **REPLY MEMORANDUM OF LAW** was served via ECF and overnight mail on this 21st day of May, 2008, upon the following:

Eric B. Fisher, Esq.
MORGENSTERN, FISHER & BLUE, LLC
885 Third Avenue
New York, New York 10022
*Attorneys for Plaintiff*

s/
JOHN T. SEYBERT (JS-5014)

Dated:   New York, New York
         May 21, 2008